IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LLOYD T. SCHUENKE,

                                                                                                                     ORDER

               Plaintiff,

      v.                                                                                                              98-cv-95-bbc[1]

WISCONSIN DEPT. OF CORRECTIONS,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LLOYD T. SCHUENKE,

                                                                                                                       ORDER

               Plaintiff,

      v.                                                                                                               13-cv-217-bbc

WISCONSIN DEPT. OF CORRECTIONS, et al,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff has submitted a letter request to stop the collection of his filing fees in these two closed cases so that he can have money to use while in custody. Under the Prison Litigation Reform Act, an inmate who files a lawsuit in federal court under the *in forma pauperis* statute must pay the statutory filing fee, first by making an initial partial payment and then by sending the remainder of the fee to the court in installments of 20% of the preceding month's income in accordance with 28 U.S.C. § 1915(b)(2). If the prisoner then

---

[1] Plaintiff refers to case no. 97-cv-95-bbc in his letter, but he has no case with this case number. Instead, plaintiff may be referring to case no. 98-cv-95-bbc.

files additional complaints or appeals, the amount owed increases as well. Newlin v. Helman, 123 F.3d 429, 436 (7th Cir. 1997), rev'd on other grounds by Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000) and Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000).

In his letter, plaintiff requests an order that will allow him to stop paying the rest of the required fees in these cases while he is incarcerated and resume payment after he is released to extended supervision. Although I empathize with plaintiff's desire to have money to use while in custody, this court is bound by the provisions of the Prison Litigation Reform Act. I have no discretion to modify the method in which the fees for filing these cases are collected. Therefore, I must deny plaintiff's motion to suspend his monthly payments.

ORDER

IT IS ORDERED that plaintiff Lloyd Schuenke's motion to suspend his monthly payments of the unpaid balance of his filing fees is DENIED.

Entered this 18th day of July, 2014.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge